FILED'11 APR 27 14:26USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES T. PREHODA AND　　　　　　　　　　　　　Misc. No. 11-7000-AA
DARLENE D. PREHODA,　　　　　　　　　　　　　　　OPINION AND ORDER

       Petitioners,

  v.

American Home Mortgage Servicing,
Inc., a Texas Corporation and
WELLS FARGO, N.A., Owner Trustee
for American Home Mortgage
Investment Trust 2004-2, a
Delaware Trust,

       Defendants.

Aiken, Chief Judge:

    Petitioners bring a petition to perpetuate the deposition testimony of certain employees and executives of American Home Mortgage Servicing, Inc. and Wells Fargo, N.A. Though these entities are named as defendants, petitioners have not filed suit against them. Petitioners claim that such perpetuation testimony is necessary to counter defendants' claims that petitioners are

1   - OPINION AND ORDER

currently in default under a mortgage agreement and that certain property is subject to foreclosure.

Federal Rule of Civil Procedure 27 permits a petitioner to obtain perpetuation testimony when "the petitioner expects to be a party to an action cognizable in the United State but cannot presently bring it or cause it to be brought." Fed. R. Civ. P. 27(a)(1)(A). The petitioner must also set forth "facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it." Fed. R. Civ. P. 27(a)(1)(C).

Petitioners do not allege that they are unable to file suit against defendants. Nor do petitioners explain why perpetuation of deposition testimony is necessary, as opposed to depositions conducted in the normal course of discovery once an action is filed. Rather, petitioners assert that they "lack the evidence sufficient to bring an action or cause it to be brought." Petition, p. 2.

In other words, petitioners are seeking to use Rule 27 in order to conduct discovery to support a lawsuit, an improper purpose under the rule. "'Abuse of the rule by potential plaintiffs, who might try to use it as a means of discovery to enable them to draw a complaint seems to be avoided by the requirement of Rule 27 that the party seeking the deposition be unable to bring the suit or cause it to be brought.'" Nevada v. O'Leary, 63 F.3d 932, 936 (9th Cir. 1995) (quoting Martin v.

2    - OPINION AND ORDER

<u>Reynolds Metals Corp.</u>, 297 F.2d 49, 55 (9th Cir. 1961) (citations omitted)). Petitioners fail to establish that they are unable to bring suit against defendants; indeed, petitioners maintain that they intend to file suit against defendants to declare the rights of the parties.

Therefore, petitioners cannot utilize Rule 27 to obtain discovery to support the filing of a complaint, and the petition is DENIED.

IT IS SO ORDERED.

DATED this 26 day of April, 2011.

_____
Ann Aiken
United States District Judge

3    - OPINION AND ORDER